COURT OF CHANCERY
OF THE
STATE OF DELAWARE

KATHALEEN ST. J. MCCORMICK
CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

September 26, 2025

John D. Hendershot
Kevin M. Gallagher
Elizabeth J. Freud
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801

T. Brad Davey
Shira R. Freiman
Potter Anderson & Corroon LLP
1313 N. Market Street, 6th Floor
Wilmington, DE 19801

Re:     *OBI Pharma, Inc. v. Biosion, Inc.*, C.A. No. 2025-0965-KSJM

Dear Counsel:

This action arises under the Delaware Rapid Arbitration Act (the "DRAA"), and this letter constitutes an Order under Section 5805(b) of the DRAA.[1]

Petitioner OBI Pharma, Inc. and Respondent Biosion, Inc. are parties to an agreement dated December 8, 2021, which was amended on July 7, 2023 (the "Agreement"). Section 18.2 of the Agreement provides that any "Dispute," as defined in the Agreement, that "is not resolved as provided in Section 18.1," must be "arbitrated pursuant to the Delaware Rapid Arbitration Act, 10 Del. C § 5801, et seq."[2] It further provides for a panel of three arbitrators, but it does not name or provide a process for selecting arbitrators.

Disputes arose between the parties. After the parties completed the pre-arbitration procedures called for by Section 18.1, Petitioner filed this action seeking

---

[1] *See generally* 10 Del. C. §§ 5801–12.

[2] C.A. No. 2025-0965-KSJM Docket ("Dkt.") 1 ¶ 4.

appointment of three arbitrators under the DRAA. Respondent agreed to submit names to the court for selection. On September 19, 2025, the parties jointly filed a list of six arbitrators, all of whom are qualified under Section 5805(b) of the DRAA.[3]

I appoint Ret. Judge Joseph Farnan Jr., Ret. Vice Chancellor Sam Glasscock III, and Ret. Vice Chancellor Joseph Slights III to preside over the Disputes between the parties in accordance with the Agreement.

In 2015, the Delaware Supreme Court adopted rules to govern the procedure in arbitrations under the DRAA. They are available on the Court's website.

For the benefit of the parties and the appointed arbitrators, I note that the filing of this letter officially commences the Arbitration under DRAA Rule 9, which provides that "[i]f a petition or application for appointment of an Arbitrator is filed with the Court of Chancery (whether on a consensual basis or otherwise), then an Arbitration under the Act is commenced upon entry of an order by the Court of Chancery under 10 *Del. C.* § 5805(b) appointing an Arbitrator[.]"[4]

I also note that Rule 9 provides that the appointed arbitrators must file "with the Court of Chancery and serve upon the parties a written notice of acceptance of appointment as Arbitrator. The notice of acceptance shall set forth the Arbitrator's postal and electronic mail addresses and telephone and fax numbers, and shall specify the form in which written submissions to the Arbitrator shall be made."[5]

The obligation to provide fax numbers is hereby waived.

---

[3] *See* Dkt. 12 (Joint Ltr.).

[4] Del. Rapid Arb. R. 9.

[5] *Id.*

IT IS SO ORDERED.

Sincerely,

*/s/ Kathaleen St. J. McCormick*

Chancellor

cc:    All counsel of record (by *File & ServeXpress*)